```
              UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE
```

Judith Tompson

    v.                                          Civil No. 15-cv-293-JL

State of New Hampshire


**REPORT AND RECOMMENDATION**

    Before the court is petitioner Judith Tompson's motion (doc. no. 10) seeking release from the Hillsborough County House of Corrections, based on the conditions of her confinement, which she asserts endanger her health.  Tompson alleges that she has not received an appropriate diet or the opportunity to wash her hands with soap immediately before eating, which she asserts are necessary to avoid complications relating to her Crohn's Disease and perirectal disease.  She seeks injunctive relief relating to those claims, including an order directing that she serve the remainder of her 60-day House of Corrections sentence at home.

    An action for federal habeas relief lies where a petitioner is challenging the fact or duration of her confinement on the ground that it violates her federal rights.  See 28 U.S.C. § 2254(a).  In general, this court cannot adjudicate inadequate Eighth Amendment medical care/endangerment claims in a § 2254

petition. See Crooker v. Grondolsky, No. CIV.A. 12-12024-RGS, 2012 WL 5416422, at *1, 2012 U.S. Dist. LEXIS 156760, at *3-*4 (D. Mass. Nov. 1, 2012) ("habeas can be utilized to challenge the 'fact, duration or degree' of confinement but not a condition of confinement, such as inadequate medical care" (quoting Kamara v. Farquharson, 2 F. Supp. 2d 81, 89 (D. Mass. 1998)). Such claims are generally litigated through civil rights actions filed under 42 U.S.C. § 1983, where relief may be narrowly tailored to the injury. Even if all of Tompson's allegations were presumed true, injunctive relief in the form of a release order would not be required, as a damage award or other forms of injunctive relief available in an action brought pursuant to 42 U.S.C. § 1983 may suffice.

For the foregoing reasons, the district judge should deny the ex parte motion (doc. no. 10), without prejudice to Tompson's ability to refile the same claims in a separately-docketed civil case seeking relief under 42 U.S.C. § 1983. Additionally, as there are appear to be no grounds for sealing the motion, the district judge should order that the provisional seal on Document No. 10 be lifted. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure

to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

                                              Andrea K. Johnstone
                                              United States Magistrate Judge

August 20, 2015

cc: Judith Tompson, pro se