**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Judith Tompson

    v.                                   Civil No. 15-cv-293-JL

State of New Hampshire

## REPORT AND RECOMMENDATION

Before the court is respondent's motion to dismiss (doc. no. 17) Judith Tompson's petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254 (doc. no. 1). Respondent specifically contends that: (1) Tompson did not exhaust her state remedies on her speedy trial claim; and (2) the speedy trial claim lacks merit. See Mot. to Dismiss (doc. no. 17). Tompson objects, maintaining that she exhausted the speedy trial claim, and that she is entitled to relief under § 2254. See Obj. (doc. no. 22).

## Background

Tompson's § 2254 petition challenges her March 2013 felony and misdemeanor convictions that arose out of a November 14, 2011 incident, in which Tompson, resisting a deputy sheriff's efforts to serve civil process upon her, drove away speeding and then nearly hit that sheriff's cruiser. The sheriff arrested

Tompson on that date, and she was originally charged with three misdemeanors relating to the incident.

A trial was initially scheduled for February 14, 2012, but did not occur on that date.  Tompson refused to accept the terms of a plea agreement offered to her on the day of that trial, and the prosecutor said he would seek a felony indictment if she did not accept the plea agreement.  The prosecutor then nol prossed the misdemeanors.  One month later, Tompson was indicted on three felony counts of reckless conduct.

Following a three-day jury trial in Rockingham County Superior Court ("RCSC") in March 2013, Tompson was convicted of one felony count of reckless conduct, one lesser-included misdemeanor count of reckless conduct, and two misdemeanors (resisting arrest and disobeying an officer).  Tompson's sentence on the reckless conduct charges amounted to two concurrent sixty-day House of Corrections terms, stand committed, followed by probation for two years.  Her sentence for disobeying an officer and resisting arrest included a sixty-day House of Corrections sentence, suspended for two years.  The New Hampshire Supreme Court ("NHSC") affirmed Tompson's convictions on June 9, 2015.  See State v. Tompson, No. 2013-0449 (N.H. June 9, 2015).  Tompson has served her concurrent

stand-committed sentences, and is now on probation.

Tompson litigated a post-conviction motion for a new trial in the RCSC, raising claims of ineffective assistance of counsel.  The RCSC denied that motion without a hearing, see State v. Tompson, No. 218-2012-CR-00258 (N.H. Super. Ct., Rockingham Cty., May 20, 2014), and the NHSC declined to accept Tompson's appeal of that order.  See State v. Tompson, No. 2014-0404 (N.H. Aug. 29, 2014).

Tompson then filed a § 2254 petition in this court, asserting the following claims:

1.   The prosecutor's decision to nol pros the original misdemeanors in February 2012, following Tompson's November 2011 arrest, and the issuance of an indictment in March 2012, upon which Tompson was convicted in March 2013, violated Tompson's Sixth Amendment right to a speedy trial.

2.   Tompson's conviction was obtained in violation of her Sixth Amendment right to the effective assistance of counsel at trial in that:

   a.   Attorney Joseph Malfitani, who represented Tompson in pretrial proceedings, did not file a motion to dismiss for lack of a speedy trial; and

   b.   Attorney Malfitani did not move to object to the lesser charge of reckless conduct.

3.   Tompson's conviction was obtained in violation of her Sixth Amendment right to the effective assistance of counsel at trial in that:

   a.   Attorney Patrick Fleming, who represented Tompson after Attorney Malfitani withdrew, did not file a motion to dismiss for lack of a speedy trial;

     b.    Attorney Fleming did not move to object to the lesser charge of reckless conduct;

     c.    Attorney Fleming did not effectively cross-examine the state's witness, the deputy sheriff, regarding his character, history, and behavior;

     d.    Attorney Fleming did not raise the brutality of the deputy sheriff as a defense or mitigating factor at Tompson's trial;

     e.    Attorney Fleming made disparaging remarks about Tompson in his opening statement and closing argument;

     f.    Attorney Fleming did not adequately prepare for trial; and

     g.    Attorney Fleming did not adequately prepare Tompson to testify in her own defense.

4.    Tompson's conviction was obtained in violation of her Sixth Amendment right to the effective assistance of counsel, in that Attorney Neil Reardon, appointed to represent Tompson after Attorney Fleming withdrew, did not file any motions regarding an appropriate sentence for Tompson and did not object to the prosecution's sentencing recommendations.

5.    Tompson's conviction of reckless conduct, resisting arrest, and disobeying an officer violated her rights under the Fourth and Fourteenth Amendment, as the deputy sheriff used excessive force in arresting Tompson.

## Discussion

### I.   Exhaustion Standard

To be eligible for habeas relief on her claims, the petitioner must show that she has exhausted the remedies available to her in the state courts for those claims, or that

4

state court remedies are unavailable or ineffective to protect her rights.  See 28 U.S.C. § 2254(b)(1).  A petitioner's state court remedies in New Hampshire are exhausted when the NHSC has had an opportunity to rule on the claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988).  In assessing whether a claim has been exhausted, "'[t]he appropriate focus . . . centers on the likelihood that the presentation in state court alerted that tribunal to the claim's federal quality and approximate contours.'"  Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011) (citation omitted).  The burden is on the petitioner to demonstrate exhaustion of state remedies.  Id.

## II.  __Claim 1__

Respondent asserts that Tompson did not exhaust her state remedies on Claim 1, her speedy trial claim, and that therefore, her petition is "mixed," as it contains both exhausted and unexhausted claims, and should be dismissed on that basis. Examination of the record shows that Tompson did not raise a speedy trial claim at trial or in her direct appeal.  Her lengthy motion for a new trial, filed in the RCSC, focuses on Sixth Amendment ineffective assistance of counsel claims.  In the context of pressing those claims, Tompson argued that her Sixth Amendment speedy trial rights had been violated, and that

counsel's failure to move to dismiss the charges on that ground caused her to be tried and convicted on felony charges.  Tompson did not, however, present the Sixth Amendment speedy trial claim as an independent basis for post-conviction relief.  Nothing in the opinion of the RCSC denying Tompson's motion for a new trial, nor the New Hampshire Supreme Court order declining to accept Tompson's appeal of that ruling, suggests that those courts considered the merits of the Sixth Amendment speedy trial claim, or that they understood that claim to be before them as a separate basis for relief.  Tompson thus did not fairly present her speedy trial claim to the state courts before filing her petition here, and for that reason, the litigation relating to the new trial motion did not exhaust her state remedies on that claim.  See, e.g., Burns v. Warden, No. 06-cv-131-PB, 2010 U.S. Dist. LEXIS 48597 at *10-11, 2010 WL 1568490 (D.N.H. Apr. 16, 2010) (embedding prosecutorial misconduct claim "within Sixth Amendment right to counsel claim . . . alleging that counsel's failure to object was evidence of ineffective assistance, does not ensure that the [underlying] issue will be deemed exhausted" (citing Rose v. Palmateer, 395 F.3d 1108, 1110-12 (9th Cir. 2005)).

Because Tompson has not met her burden to demonstrate that

state post-conviction processes are presently unavailable or
ineffective to Tompson on her speedy trial claim, Tompson has
not demonstrated exhaustion of her state court remedies on Claim
1.  Tompson's state remedies as to Claims 2-5, for which the
respondent has offered no independent basis for dismissal,
appear to have been exhausted.  Tompson's petition is properly
characterized as a "mixed" petition, containing both exhausted
and unexhausted claims.

### III. Stay, Dismissal, or Opportunity to Forego Unexhausted Claim

The district court confronting a mixed petition containing
both exhausted and unexhausted claims has four options:  (1)
dismiss the mixed petition in its entirety, Rhines v. Weber, 544
U.S. 269, 274 (2005); (2) stay and hold the petition in abeyance
while the petitioner returns to state court to litigate the
unexhausted claims, id. at 275; (3) permit the petitioner to
forego seeking federal habeas relief on the unexhausted claims
and proceed with the exhausted claims, id. at 278; or (4) deny
the petition on the merits if none of the petitioner's claims
has any merit, see 28 U.S.C. § 2254(b)(2).

Respondent argues that Tompson's entire petition should be
dismissed for failure to exhaust Claim 1, and that the stay and
abeyance procedure in this case would not be appropriate.  "In

Rhines, the Supreme Court noted that the 'stay and abeyance' method should only be available in instances where the petitioner can: 1) show good cause for failing to present the claims before the state court in the first instance, and 2) show that his unexhausted claims are not 'plainly meritless.'" Wagner v. Smith, 581 F.3d 410, 419 (6th Cir. 2009) (quoting Rhines, 544 U.S. at 277).

This court cannot conclude at this time that petitioner would be unable to show good cause for a stay.  Moreover, this court's review of the record does not show that Claim 1 is plainly meritless or that further development of the claim in the state courts would necessarily be futile.  Accordingly, the district judge should deny respondent's motion to dismiss the petition to the extent it seeks dismissal of the entire petition.  In an Order issued simultaneously with this Report and Recommendation, the court grants petitioner leave to either move for a stay, or move to amend the petition to forego Claim 1, recognizing that in foregoing Claim 1 in this case, Tompson will lose the opportunity to seek relief on her speedy trial claim in any "second or successive" federal habeas petition, under 28 U.S.C. § 2244(b).

### Conclusion

For the foregoing reasons, the district judge should deny the respondent's motion to dismiss (doc. no. 17).  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 14, 2016

cc:  Judith Tompson, pro se
     Elizabeth C. Woodcock, Esq.